1  BONNETT, FAIRBOURN, FRIEDMAN
&amp; BALINT, P.C.
2  PATRICIA N. SYVERSON (CA SBN 203111)
MANFRED P. MUECKE (CA SBN 222893)
3  600 W. Broadway, Suite 900
San Diego, California 92101
4  psyverson@bffb.com
mmuecke@bffb.com
5  Telephone: (619) 798-4593

6  BONNETT, FAIRBOURN, FRIEDMAN
&amp; BALINT, P.C.
7  ELAINE A. RYAN (*Admitted Pro Hac Vice*)
CARRIE A. LALIBERTE (*Admitted Pro Hac Vice*)
8  2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
9  eryan@bffb.com
claliberte@bffb.com
10 Telephone: (602) 274-1100

11 Attorneys for Plaintiff
Additional Attorneys on Signature Page

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ALVAREZ, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NBTY, INC., a Delaware corporation, and NATURE'S BOUNTY, INC., a Delaware corporation,<br><br>Defendants. | Case No.:   17- cv-00567-BAS-BGS<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*; and<br>2. VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*<br><br>DEMAND FOR JURY TRIAL |

Second Amended Class Action Complaint

Plaintiff Rosa Alvarez brings this action on behalf of herself and all others similarly situated against Defendants NBTY, Inc. and Nature's Bounty, Inc. (collectively, "Defendants") and states:

## NATURE OF ACTION

1. Defendants manufacture, market, sell, and distribute biotin supplements under the Nature's Bounty brand. The products are: Biotin 5000 mcg, SUPER POTENCY Biotin 5000 mcg, QUICK DISSOLVE Biotin 5000 mcg, Biotin 10,000 mcg rapid release softgels, and Biotin 10,000 mcg HEALTH & BEAUTY rapid release liquid softgels (collectively, "Biotin Products").[1] On the front of the Biotin Products, Defendants represent that their Biotin Products "Support[] Healthy Hair, Skin, and Nails." These representations are collectively referred to as the "health benefit representations." Defendants' health benefit representations are false, misleading and reasonably likely to deceive the public.

2. The sole active ingredient in Defendants' Biotin Products is biotin. Biotin is a colorless, water soluble B vitamin found in many foods, including several fruits and vegetables, liver, salmon, cereals, and other foods. Biotin serves as a biochemical co-factor (a helper of sorts) for certain enzymatic reactions and is involved in the metabolism of fats, carbohydrates, and amino acids.

3. The human body only requires a finite amount of biotin on a daily basis for it to perform its enzymatic functions as there are a finite number of enzymes that use biotin. Once there is sufficient biotin in the body, saturation occurs and the body just does not use this surplus biotin. The Institute of Medicine has set an adequate intake (AI) for biotin at 30 micrograms (mcg) per day for people 19 years and older and even less for younger people. Dietary Reference Intakes for Thiamin, Riboflavin, Niacin, Vitamin B6, Folate, Vitamin B12, Pantothenic Acid, Biotin, and

---

[1] Plaintiff reserves the right to add additional products upon completion of discovery.

Second Amended Class Action Complaint

Choline ("IOM Dietary Reference Intakes"), INSTITUTE OF MEDICINE, at pp. 374, 382, *available at* http://www.nap.edu/catalog/6015/dietary-reference-intakes-for-thiamin-riboflavin-niacin-vitamin-b6-folate-vitamin-b12-pantothenic-acid-biotin-and-choline. More than sufficient biotin is derived from the daily diets of the general U.S. population as healthy persons ingest anywhere from 30mcg-60mcg of biotin from their daily diets.

4. While persons (1) with exceedingly rare conditions that cause biotin deficiencies, or (2) who chronically ingest inordinate amounts of raw egg whites, can require biotin supplementation, other than these few rare exceptions, healthy people already have more than adequate, if not excessive, amounts of biotin derived from their diet. In fact, average biotin intake among North American adults is anywhere from 35-70 mcg per day. Yet, the 5000 mcg products are 150 times more than the AI and the 10,000 mcg products are 300 times more than the AI. Thus, even though the IOM has yet to set a DRI (daily recommended intake) for biotin, these mega-dose amounts are far beyond any conceivable range that would ever be beneficial.

5. Biotin is a co-factor for five carboxylase enzymes. A co-factor is a molecule that interacts with an enzyme to facilitate that enzyme's ability to carry out its biochemical functions. Biotin attaches itself to these enzymes, thereby helping each of them perform their respective functions. The body only needs a finite amount of biotin on a daily basis to perform these functions. Thus, biotin is not a "more is better" substance, nor is more biotin needed from supplementation to complete these daily enzymatic functions. In short, once one consumes a sufficient amount of biotin, which is easily met by the general population in their everyday diets, the remainder becomes functionally superfluous and does not convey any additional health benefits.

6. Therefore, with the exception of the two exceedingly rare conditions discussed above, for the general population the biotin supplements sold by Defendants are unneeded, superfluous and will not provide any benefits, let alone

- 2 -
Second Amended Class Action Complaint

support healthy hair, skin and nails. That is because the general population already consumes sufficient, if not excessive, amounts of biotin from their daily diets.

7. The only apparent scientific support for biotin supplements affecting hair, skin or nails is from studies of people with what is called "frank" deficiency – e.g., those with rare biotin deficiency conditions. Such persons, as a result of their conditions, experience a variety of symptoms including hair loss along with skin and nail problems. Some studies have shown that in persons with these very rare conditions, biotin supplementation can improve hair/skin/nail health. But these are persons who already have serious and rare conditions and, most important, the results of these few studies cannot be extrapolated to healthy persons in the general population, as persons in the general population are not biotin deficient and, as noted above, already consume sufficient biotin in their daily diets. Defendants also cannot represent that their Biotin Products help treat or cure the symptoms of these diseases, as FDA law precludes manufacturers of dietary supplements from representing that their dietary supplements treat or cure diseases.

8. In this regard, the 2000 Institute of Medicine Report from the National Academy of Sciences on *Dietary Reference Intakes for Thiamin, Riboflavin, Niacin, Vitamin B6, Folate, Vitamin B12, Pantothenic Acid, Biotin, and Choline* states that, "No definitive studies demonstrate evidence of biotin deficiency in normal individuals in any group resulting from inadequate intakes." IOM Dietary Reference Intakes at 381. Thus, the IOM concluded in 2000, and this conclusion remains true today, that while there was a limited amount of information regarding biotin intakes this information indicates that "[T]here is little cause for concern about the adequacy of biotin intake for healthy people…" *Id.* at 385-86. Since there is little concern for the adequacy of biotin intake for healthy people (e.g., people who do not have one of the rare biotin deficiencies described above) and since the need for biotin is finite, Defendants' Biotin Products are superfluous, unneeded and certainly do not support

- 3 -
Second Amended Class Action Complaint

the health of hair, skin and nails as represented.  Furthermore, to the extent that Defendants contend that their Biotin Products provide energy support, this too is false, for the same reasons – Defendants' Biotin Products are superfluous and not used.  In short, Defendants' Biotin Products are worthless and provide no health benefits.

9. As a result of the foregoing, the mega-dose Biotin Products to be taken in daily doses ranging from 5000 mcg to 10,000 mcg as sold by Defendants are superfluous and unneeded and they will not and do not provide any benefits at all, let alone support healthy hair, skin and nails.

10. Thus, Defendants' health benefit representations are false, misleading and reasonably likely to deceive consumers.  As a result, consumers – including Plaintiff and proposed Class members– have purchased Biotin Products that do not perform as advertised.

11. Plaintiff brings this action on behalf of herself and other similarly situated consumers who purchased the Biotin Products to halt the dissemination of this false, misleading, and deceptive advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Biotin Products. Based on violations of California unfair competition laws (detailed below), Plaintiff seeks restitutionary relief for consumers who purchased the Biotin Products.

**JURISDICTION AND VENUE**

12. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some members of the Class are citizens of a state different from Defendants.

13. This Court has personal jurisdiction over Defendants because Defendants are authorized to conduct and do business in California, including this

District. Defendants marketed, promoted, distributed, and sold the Biotin Products in California, and Defendants have sufficient minimum contacts with this State and/or sufficiently availed themselves of the markets in this State through their promotion, sales, distribution, and marketing within this State, including this District, to render the exercise of jurisdiction by this Court permissible.

14. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events giving rise to Plaintiff's claims occurred while she resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

**PARTIES**

15. During the relevant time period, Plaintiff Rosa Alvarez resided in San Diego County, California. From approximately 2014 through the early part of 2015, Plaintiff Alvarez was exposed to, saw and relied upon Defendants' health benefit representations by reading the Nature's Bounty Biotin 10,000 mcg HEALTH & BEAUTY rapid release liquid softgels label at several stores in San Diego County, California including CVS, Walgreens and Bed, Bath and Beyond. On numerous occasions during this period, and as recently as early 2015, Plaintiff Alvarez purchased the 10,000 mcg HEALTH & BEAUTY rapid release liquid softgels product, all in reliance on Defendants' health benefit representations. She paid approximately $20 for the Products. Plaintiff Alvarez stopped purchasing Biotin Products after August 2015 when she learned that it did not and could not provide the represented health benefits. Had Plaintiff Alvarez known the truth about Defendants' misrepresentations, she would not have purchased Biotin. As a result, Plaintiff Alvarez suffered injury in fact and lost money at the time of purchase.

16. Defendant NBTY, Inc. ("NBTY") is a corporation organized and existing under the laws of the State of Delaware. NBTY's headquarters is at 2100 Smithtown Ave., Ronkonkoma, New York 11779. NBTY manufactures, advertises,

markets, distributes, and/or sells the Biotin Products to tens of thousands of consumers in California and throughout the United States.

17. Defendant Nature's Bounty, Inc. ("Nature's Bounty") is a corporation organized and existing under the laws of the state of Delaware. Nature's Bounty is a subsidiary of NBTY. Nature's Bounty is headquartered at 110 Orville Drive, Bohemia, New York 11716. Nature's Bounty manufactures, advertises, markets, distributes, and/or sells the Biotin Products to tens of thousands of consumers in California and throughout the United States.

## FACTUAL ALLEGATIONS

### *The Biotin Products*

18. Defendants manufacture, distribute, market, and sell over-the-counter biotin products under their Nature's Bounty brand. This lawsuit concerns five of those products — Biotin 5000 mcg, SUPER POTENCY Biotin 5000 mcg, QUICK DISSOLVE Biotin 5000 mcg, Biotin 10,000 mcg rapid release softgels, and Biotin 10,000 mcg HEALTH & BEAUTY rapid release liquid softgels (collectively, "Biotin Products"). The Biotin Products are marketed as supplements with the purpose of providing certain health benefits. The Biotin Products are sold in virtually every major food, drug, and mass retail outlet in the country including, but not limited to: CVS, Kroger, Target, Walgreens, and Wal-Mart. A single container of the Biotin Products retails for approximately $10.00–$25.00.

### *The Uniform Health Benefits Message*

19. Throughout the relevant time period, Defendants have consistently conveyed the health benefits message to consumers throughout California and the United States.

### *Consumer Exposure to the Health Benefits Message*

20. Each and every consumer who purchases the Biotin Products is exposed to the deceptive health benefit representations, which appear prominently and

conspicuously on the front of each Biotin Product. The front panel of the Biotin Product Plaintiff purchased is shown below:

(Exemplar of front of the Biotin Product Plaintiff Alvarez purchased: Biotin 10,000 mcg HEALTH & BEAUTY rapid release liquid softgels)

The label fronts of the other Biotin Products at issue appear below:

- 7 -
Second Amended Class Action Complaint

(Front of the Defendants' other Biotin Products: Biotin 5000 mcg, SUPER POTENCY Biotin 5000 mcg, QUICK DISSOLVE Biotin 5000 mcg, and Biotin 10,000 mcg rapid release softgels)

Copies of representative labels are attached hereto as Exhibit A.

### *The Impact of Defendants' Wrongful Conduct*

21. Plaintiff and Class members have been and will continue to be deceived or misled by Defendants' deceptive health benefit representations. Plaintiff and the Class members have been damaged in their purchases of the Biotin Products and have been deceived into purchasing the Biotin Products that they believed, based on Defendants' representations, would provide them health benefits, when, in fact, they do not.

## CLASS DEFINITION AND ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all other similarly situated consumers pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

**Multi-State Class Action**
All consumers who, within the applicable statute of limitations period until the date notice is disseminated, purchased Biotin Products in California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington.

Excluded from this Class are Defendants and their officers, directors, employees and those who purchased Biotin Products for the purpose of resale.

23. In the alternative to a Multi-State Class, Plaintiff seeks certification of the following California-Only Class:

**California-Only Class Action**
All California consumers who within the applicable statute of limitations period until the date notice is disseminated, purchased Biotin Products.

Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased Biotin Products for the purpose of resale.

24. **Numerosity**. The members of the Classes are so numerous that joinder of all members of the Classes is impracticable. Plaintiff is informed and believes that the proposed Classes contain thousands of purchasers of Biotin Products who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

25. **Existence and Predominance of Common Questions of Law and Fact**. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a)  whether Defendants' health benefit representations discussed above are misleading, or objectively reasonably likely to deceive;

(b)  whether Defendants' alleged conduct is unlawful;

  (c) whether the alleged conduct constitutes violations of the laws asserted;

  (d) whether Defendants engaged in false or misleading advertising; and

  (e) whether Plaintiff and Class members are entitled to appropriate remedies, including restitution.

26. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Classes because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Defendants' deceptive health benefit representations on the front of each and every Biotin Product container. Plaintiff is also advancing the same claims and legal theories on behalf of herself and all Class members.

27. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Classes.

28. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding,

economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

29. Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and Class members.

**COUNT I**
**Violation of Business & Professions Code §17200, *et seq.***
**Fraudulent Business Acts and Practices**
**(On Behalf of the Multi-State or California-Only Class)**

30. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

31. Plaintiff brings this claim individually and on behalf of the Classes.

32. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because she purchased Defendants' Biotin Product in reliance on Defendants' claim that the Biotin Product would provide her with health benefits, but did not receive a Biotin Product that provides those benefits.

33. Plaintiff suffered that injury at the time of her purchase, when she bought a product that does not deliver the benefits Defendants promise.

34. The Unfair Competition Law, Business & Professions Code §17200, *et seq*. ("UCL") prohibits any "fraudulent" business act or practice and any false or misleading advertising.

35. In the course of conducting business, Defendants committed "fraudulent business act[s] or practices" and false, deceptive or misleading advertising by, *inter alia*, making the health benefit representations (which also constitutes advertising within the meaning of §17200) regarding the Biotin Products on the Biotin Products' labeling, as set forth more fully herein.

36. Defendants' actions, claims and misleading statements, as more fully set

- 11 -
Second Amended Class Action Complaint

forth above, are false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq*.

37. Plaintiff and other members of the Classes have in fact been deceived as a result of their reliance on Defendants' material health benefit representations. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of their purchase(s) of Defendants' Biotin Products that do not provide health benefits.

38. Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Classes collected as a result of unfair competition, and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

**COUNT II**
**Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.***
**(On Behalf of the California-Only Class)**

39. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the California-Only Class.

41. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq*. (the "Act").

42. Plaintiff is a consumer as defined by California Civil Code §1761(d). The Biotin Products are "goods" within the meaning of the Act.

43. Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the California-Only Class which were intended to result in, and did result in, the sale of the Biotin Products:

(5) Representing that [the Biotin Products have] . . . characteristics, . . .

uses [and] benefits . . . which [they do] not have . . . .

                         \*    \*    \*

44. Pursuant to California Civil Code §1782(d), Plaintiff and the California-Only Class seek a Court order for restitution and disgorgement.

45. Pursuant to §1782 of the Act, Plaintiff notified Defendants in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. Defendants failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act. Thus, Plaintiff further seeks actual, punitive, and statutory damages as appropriate.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

    A. Certifying the Classes as requested herein;

    B. Awarding actual, statutory, and punitive damages to Plaintiff and the California Class members, as appropriate.

    C. Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

    D. Awarding attorneys' fees and costs; and

    E. Providing such further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: January 10, 2018       BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

- 13 -
Second Amended Class Action Complaint

/s/*Patricia N. Syverson*
Patricia N. Syverson (203111)
Manfred P. Muecke (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan (*Admitted Pro Hac Vice*)
Carrie A. Laliberte (*Admitted Pro Hac Vice*)
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

SIPRUT PC
Stewart M. Weltman (*Admitted Pro Hac Vice*)
Michael Chang (*Admitted Pro Hac Vice*)
17 North State Street
Chicago, Illinois 60602
sweltman@siprut.com
mchang@siprut.com
Telephone: (312) 236-0000

Attorneys for Plaintiff

- 14 -
Second Amended Class Action Complaint

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the 10th day of January 2018.

                    */s/Patricia N. Syverson*
                    Patricia N. Syverson

- 15 -
Second Amended Class Action Complaint