# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ALVAREZ, individually and on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NBTY, INC., *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 17-cv-00567-BAS-BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO SEAL**<br><br>**[ECF No. 62]** |

Presently before the Court is Defendants' Motion to File Documents Under Seal. (ECF No. 62.) Defendants seek to file under seal their Memorandum of Points and Authorities in Support of Defendants' Motion to Strike the Expert Report of Joseph J. Egan and Exhibit D to the Groves Declaration.

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.

2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents. *See Kamakana*, 447 F.3d at 1179. The test applied is whether "'good cause' exists to protect th[e] information from

being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is sufficient to preserve the secrecy of sealed discovery documents." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" of good cause). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. ANALYSIS

Defendants argue the documents contain or refer to highly confidential sales data with respect to the products at issue. Defendants do not specify portions of the documents which contain this data, but instead seek to file the entirety of the documents. "[G]eneralized information is not likely to meet the compelling reasons standard of sealing, and [a party] must avoid this general information when applying its redactions to propriety information." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS (MDD), 2017 WL 5001287, at *5 (S.D. Cal. Nov. 2, 2017) (collecting cases). The Court finds it is plausible there may be information in one or more of the above documents that warrants sealing, but Defendants have failed to present compelling reasons that the <u>entirety</u> of each of the documents warrants sealing. Thus, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion and **GRANTS** Defendants leave to amend its motion to file

/ / /

/ / /

/ / /

documents under seal. *See Obesity Research Inst., LLC v. Fiber Research Int'l*, No. 15-cv-595-BAS (MDD), 2017 WL 3269211, at *2 (S.D. Cal. July 31, 2017) (holding the same). Defendants' revised motion must specify portions of the documents that present compelling reasons for sealing.

**IT IS SO ORDERED.**

**DATED: December 12, 2018**

Hon. Cynthia Bashant
United States District Judge