# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ALVAREZ, individually and on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NBTY, INC., *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 17-cv-00567-BAS-BGS<br><br>**ORDER GRANTING RENEWED MOTION TO SEAL**<br><br>**[ECF No. 82]** |

Presently before the Court is Defendants' Renewed Motion to File Documents Under Seal. (ECF No. 82.) The Court previously denied Defendants' motion to seal because the request was too broad. (ECF No. 81.) Defendants have filed a renewed motion requesting to seal portions of Memorandum of Points and Authorities in Support of Defendants' Motion to Strike the Expert Report of Joseph J. Egan and Exhibit D to the Groves Declaration.

## I.　LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record

is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents. *See Kamakana*, 447 F.3d at 1179. The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is sufficient to preserve the secrecy of sealed discovery documents." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" of good cause). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. ANALYSIS

Defendants argue portions of the documents contain or refer to highly confidential sales data with respect to the products at issue. The Court finds there are compelling reasons to seal the data. Defendants have filed public, redacted versions of the documents. (ECF No. 82-1.) Good cause appearing, the Court **GRANTS** Defendants' Motion. The Clerk is instructed to file under seal the requested documents. (ECF Nos. 83.)

**IT IS SO ORDERED.**

**DATED: December 14, 2018**

Hon. Cynthia Bashant
United States District Judge