|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROSA ALVAREZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NBTY, INC., *et al.*,<br><br>Defendants. | Case No. 17-cv-00567-BAS-BGS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[ECF No. 116]** |
|---|---|

Plaintiff Rosa Alvarez brings a complaint against Defendants NBTY, Inc. and Nature's Bounty, Inc. Plaintiff alleges Defendants have violated California's unfair competition law ("UCL"); and Consumers Legal Remedies Act ("CLRA").

Defendants previously moved for summary judgment, and Plaintiff moved for class certification—the Court denied both motions. (ECF Nos. 96, 97.) Defendants now move for judgment on the pleadings. ("Mot.," ECF No. 116.) Plaintiff filed an opposition to the motion, ("Opp'n," ECF No. 119), and Defendants filed a reply, ("Reply," ECF No. 121).[1]

---

[1] Plaintiff requests the Court take judicial notice of three documents: Exhibits A, B, and C. (ECF No. 120.) Under Federal Rule of Evidence 201, courts can take judicial notice of facts that are not

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, this Court **DENIES** Defendants' Motion.

I. BACKGROUND

Defendants manufacture, market, sell, and distribute biotin supplements under the Nature's Bounty brand. (Second Amended Complaint, "SAC," ECF No. 38, ¶ 1.) The products at issue here are: Biotin 5000 mcg, SUPER POTENCY Biotin 5000 mcg, QUICK DISSOLVE Biotin 5000 mcg, Biotin 10,000 mcg rapid release softgels, and Biotin 10,000 mcg HEALTH & BEAUTY rapid release liquid softgels (hereinafter, "the Products"). (*Id.*) The Products' labels state the Products "Support[] Healthy Hair, Skin, and Nails" and provide "Energy Support." (*Id.* ¶ 20.)

In approximately 2014, Plaintiff Rosa Alvarez's hair began falling out. ("Alvarez Depo.," Exhibit B of ECF No. 51-2, at 54:5–12.) Around this time, Plaintiff went to her regular nail salon for a manicure. The nail technician told her there was a supplement on the market that helps with hair and nails. (*Id.* at 66:3–15.) The nail technician took out his bottle of biotin, showed it to Plaintiff and others, and recommended taking the supplement in softgel form. (*Id.* at 68:4–15.) Plaintiff subsequently went to the store and purchased Defendants' 10,000 mcg HEALTH &

---

subject to reasonable dispute because they are either generally known or can be readily determined by reference to sources whose accuracy cannot reasonably be questioned. "When considering a motion for judgment on the pleadings, [a] court may consider facts that 'are contained in materials of which the court may take judicial notice.'" *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999). "Judicial notice is appropriate for records and 'reports of administrative bodies.'" *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008).

All three documents are published on governmental agency websites. Defendants contest the proprietary of the Court taking judicial notice of Exhibit C, which is a study conducted by the Office of Inspector General of the Department of Health and Human Services. Defendants argue the study "dealt with different supplements and different issues from this case, and made contested factual findings in doing so." (ECF No. 121, at 14.) The Court finds judicial notice of the study is not proper—just because a study was undertaken by a government agency does not mean that the accuracy of its conclusions "cannot reasonably be questioned." The Court therefore takes judicial notice of only Exhibits A and B.

BEAUTY rapid release liquid softgels biotin product. (*Id.*; SAC ¶ 15). She took biotin for a few years.

Plaintiff states she purchased the product "in reliance on Defendants' health benefit representations." (SAC ¶ 15.) She claims these representations are false, misleading, and reasonably likely to deceive the public. In sum, Plaintiff claims Defendants' representations are false because the supplements do not support healthy hair, skin, and nails. (*Id.* ¶ 9.) "The human body only requires a finite amount of biotin on a daily basis for it to perform its enzymatic functions as there are a finite number of enzymes that use biotin. Once there is sufficient biotin in the body, saturation occurs and the body just does not use this surplus biotin." (*Id.* ¶ 3.) The average person ingests more than enough biotin from his or her normal daily diet. (*Id.*) "Thus, biotin is not a 'more is better' substance, nor is more biotin needed from supplementation to complete these daily enzymatic functions." (*Id.* ¶ 5.) "[O]nce one consumes a sufficient amount of biotin, which is easily met by the general population in their everyday diets, the remainder becomes functionally superfluous and does not convey any additional health benefits." (*Id.*)

Plaintiff's expert Dr. Wolf agrees that "the nutrient biotin plays a cellular and biochemical role in the support of healthy hair, skin, nails and energy." (Wolf Depo, ECF No. 69-2, at 53:9–17.) But Dr. Wolf opines that Defendants' Products (i.e. "mega-doses" of biotin) "do not provide any benefits to the general population and, thus, they do not help support healthy hair, skin and nails, or energy or energy production" and are "superfluous and unnecessary." ("Wolf Report," Exhibit D of ECF No. 51-2, at ¶ 11.) Due to "the metabolic characteristics of biotin, its availability from most food sources, and the finite needs of the human body for biotin," one has no need for any biotin supplements, and Defendants' Products are "worthless." (*Id.* ¶ 12.)

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party

may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court ruling on Rule 12(c) motion for judgment on the pleadings applies the same standard used in a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 1996). The court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.* "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). It is the moving party's burden to demonstrate that both of these requirements are met. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984).

## III. ANALYSIS

Defendants argue that Plaintiff's claim that biotin supplements are unnecessary is preempted. The Food, Drug and Cosmetic Act ("FDCA") expressly preempts any state law that imposes "any requirement respecting any claim of the type described in section 343(r)(1) of this title made in the label or labeling of food that is not identical to the requirement of section 343(r) of this title." 21 U.S.C. § 343-1(a)(5); *Dachauer v. NBTY Inc.*, 913 F.3d 844, 847 (9th Cir. 2019). For dietary supplements, the FDCA distinguishes between "disease claims" and "structure/function claims" that manufacturers make about their products. A structure/function claim "'describes the role of a nutrient or dietary ingredient intended to affect the structure or function in humans' or 'characterizes the documented mechanism by which a nutrient or dietary ingredient acts to maintain such structure or function.'" *Dachauer*, 913 F.3d at 846 (quoting 21 U.S.C. § 343(r)(6)). Structure/function claims must meet three requirements: "(1) the manufacturer has substantiation that the statement is truthful and not misleading; (2) the statement contains a prominent disclaimer that the Food and Drug Administration ("FDA") has not evaluated the statement and that the product 'is not intended to

diagnose, treat, cure, or prevent any disease'; and (3) the statement itself does not 'claim to diagnose, mitigate, treat, cure, or prevent' disease." *Id.* at 847.[2]

In arguing preemption, Defendants rely heavily on *Greenberg v. Target Corp.*, 402 F. Supp. 3d 936 (N.D. Cal. 2019).[3] The plaintiffs in *Greenberg* brought claims against Target regarding its biotin supplements. The label on Target's supplements states: "Helps support healthy hair and skin" with asterisks at the end directing readers to a disclaimer: "This statement has not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease." 402 F. Supp. 3d at 837. Plaintiff Greenberg alleged that the "structure/function claims regarding the Biotin Supplements are false and misleading based on evidence that any form of supplemental biotin is superfluous for the general public, i.e., has no effect on human structure or function." *Id.* at 840. The court noted that it was undisputed that the nutrient Biotin "does indeed affect human structure or function" but the plaintiff's argument was that although the nutrient affects structure/function, "the supplement at issue will impact the health of only a small proportion of the population." *Id.* at 840–41. The court concluded, "Greenberg identifies no federal regulation requiring a dietary supplement to substantiate its structure/function claims with evidence that the supplement, as opposed to the nutrient, will have the practical effect of impacting the health of a sizeable proportion of the general public." *Id.* at 841. Therefore, his claims are preempted. *Id.*

Although Defendants here have not previously argued preemption (the main issue in *Greenberg*), they did argue that their products' labels are not false or

---

[2] "Although the FDCA requires manufacturers to have substantiation for their structure/function claims, California law does not allow private plaintiffs to demand substantiation for advertising claims. Instead, a private plaintiff bears the burden of producing evidence to prove that the challenged statement is false or misleading." *Dachauer*, 913 F.3d at 847 (citations omitted).

[3] The plaintiff in *Greenberg* was represented by the same attorneys as Plaintiff here, and both cases involve the same expert for the plaintiffs, Dr. Wolf.

misleading. (*See generally* ECF No. 51.) To successfully demonstrate preemption, Defendants must establish, inter alia, that the products are not false or misleading. *See Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1072 (N.D. Cal. 2017) (holding the defendant has the burden of showing the plaintiff's nutrient content or health claims are subject to preemption). The Court has already ruled on this issue, finding:

> A jury could conclude that a reasonable consumer would find Defendants' Products misleading. Drawing all inferences from the underlying facts in the light most favorable to the Plaintiff, the Court finds there is a disputed issue as to whether reasonable consumer could believe that the high doses of biotin in Defendants' Products support the consumer's hair, skin, and nails, when, as Plaintiff presents, the biotin in one's diet sufficiently supports hair, skin, and nails, and one does not need biotin from Defendants' Products for such support.

(ECF No. 96, at 13.) Defendants are essentially asking the Court to reconsider this finding. And while it is true that the court in *Greenberg* found differently, this is not a basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding reconsideration may be appropriate if there is "an intervening change in controlling law"). The Court finds no reason to change its prior ruling. Accepting all factual allegations in the Complaint as true and construing them in the light most favorable to Plaintiff, the Court finds that Defendants are not entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings. Pursuant to the recent order by Judge Skomal, (ECF No. 110), the parties are to contact Judge Skomal's chambers within 3 court days of the date of this Order to schedule a mandatory settlement conference.

**IT IS SO ORDERED.**

**DATED: January 3, 2020**

Hon. Cynthia Bashant
United States District Judge