# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ALVAREZ, individually and on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>  v.<br><br>NBTY, INC., *et al.*,<br><br>                Defendants. | Case No. 17-cv-00567-BAS-BGS<br><br>**ORDER:**<br>  (1) **GRANTING DEFENDANTS' MOTION TO STRIKE;**<br>**AND**<br>  (2) **DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 102, 103]** |

     Plaintiff Rosa Alvarez brings a complaint against Defendants NBTY, Inc. and Nature's Bounty, Inc. Defendants manufacture, market, sell, and distribute biotin supplements under the Nature's Bounty brand. Plaintiff alleges Defendants have violated California's unfair competition law ("UCL"); and Consumers Legal Remedies Act ("CLRA") through the labeling of their biotin products.

     On May 22, 2019, the Court denied Defendants' motion for summary judgment and also denied Plaintiff's motion for class certification. (ECF Nos. 96, 97.) In making these determinations, the Court analyzed, among other things, the report and deposition of Plaintiff's expert, Dr. Barry Wolf. Plaintiff now moves for reconsideration of the Court's order denying class certification. ("Mot.," ECF No. 102.) As an attachment to her Motion, Plaintiff included a new declaration by her

expert Dr. Wolf. Defendants move to strike that declaration. (ECF No. 103.) Both motions are opposed. The Court finds these Motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, this Court **GRANTS** Defendants' Motion to Strike and **DENIES** Plaintiff's Motion for Reconsideration.

The Court incorporates the background sections from prior orders and does not repeat the background facts of this case here. (*See* ECF Nos. 96, 97.)

## LEGAL STANDARD FOR MOTION FOR RECONSIDERATION

Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000) (internal quotation marks omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.,* No. 08–CV–2342–L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

## MOTION TO STRIKE DR. WOLF'S DECLARATION

Plaintiff included the new declaration by Dr. Wolf because she believes "it is clear that the Court misunderstood Dr. Wolf's point about the body's recycling of biotin." (ECF No. 102-2, at ¶ 5.) In the declaration, Dr. Wolf opines he "thought he was clear about the redundancy that recycling plays," and "apologize[s] to the extent that the Court did not understand this." (ECF No. 102-3, ¶ 2.) He then provides his

1 opinion regarding biotin recycling. Plaintiff acknowledges that Dr. Wolf prepared the new declaration so that he could "clarify[] existing opinions" and "correct the Court's misapprehension of what he said and explain how the Court erred in denying class certification." (ECF No 104, at 3.)

It is improper to submit evidence as a part of a motion for reconsideration that could have been provided earlier in the litigation. Dr. Wolf is attempting to clarify and add to his earlier opinion, but this clarification is not based on any new evidence or newly discovered arguments. "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also ThermoLife Int'l, LLC v. Myogenix Corp.*, No. 13-CV-651 JLS (MDD), 2017 WL 4792426, at *2 (S.D. Cal. Oct. 24, 2017) (striking evidence attached to a motion for reconsideration that was filed to "[t]o rectify any possible ambiguity" on an issue and to "complete the record").

Because the declaration is improper, the Court **GRANTS** the Motion and **STRIKES** Dr. Wolf's Declaration, (ECF No. 102-3). The Court will not consider the declaration or the portions of Plaintiff's Motion for Reconsideration that rely on the declaration.

## **MOTION FOR RECONSIDERATION**

Plaintiff moves for reconsideration on the Court's order denying class certification because she believes "the Order and subsequent case law, including two recent Ninth Circuit opinions, reveal that the Court should have granted class certification." (ECF No. 102-1, at 1.) Plaintiff therefore moves for reconsideration on two grounds: clear error, and newly discovered evidence.

After reviewing Plaintiff's arguments, the Court finds no evidence that it clearly erred in denying class certification. The Court finds no clear error or manifest injustice in its ruling. Next, Plaintiff points to cases decided after the Court's class certification order, arguing that the cases warrant reconsideration. First, Plaintiff

cites *In re Hyundai and Kia Fuel Economy Litigation*, 926 F.3d 539 (9th Cir. 2019), noting that the "Ninth Circuit recently reiterated . . . that class certification is not defeated by the inclusion of Class members with differing damages." (Mot. at 4.) By calling the case a "reiteration" of prior law, Plaintiff is admitting that *In re Hyundai* is not an "intervening change in controlling law." *See Sch. Dist. No. 1J*, 5 F.3d at 1263. It is therefore not a basis for reconsideration.[1] The same holds true for the other opinion Plaintiff cites, *Yamagata v. Reckitt Benckiser LLC*, No. 17-cv-03529, 2019 WL 3815718 (N.D. Cal. June 5, 2019) which was issued by Judge Chhabria in the Northern District of California. This opinion issued by a district court is not controlling and also not a basis for reconsideration.

Plaintiff has not presented any basis for the Court to reconsider its prior order, and the Court **DENIES** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

DATED: January 3, 2020

Hon. Cynthia Bashant
United States District Judge

---

[1] To the extent Plaintiff also argues that another recent Ninth Circuit opinion, *Corcoran v. CVS Health Corp.*, 779 F. App'x 431 (9th Cir. 2019), warrants reconsideration, the Court disagrees, as Plaintiff acknowledges that *Corcoran* is also a reiteration of prior law. (*See* Mot. at 5.)