# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ALVAREZ, individually and on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NBTY, INC., *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 17-cv-00567-BAS-BGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY**<br><br>**[ECF No. 126]** |

　　　　Plaintiff Rosa Alvarez filed a complaint against Defendants NBTY, Inc. and Nature's Bounty, Inc., alleging they violated California's Unfair Competition Law and Consumers Legal Remedies Act through the false labeling of their products. Plaintiff moved for class certification. The Court denied Plaintiff's motion for class certification (ECF No. 97) and soon afterwards, Plaintiff filed a petition with the Ninth Circuit for permission to appeal under Federal Rule of Civil Procedure 23(f). (ECF No. 101.) Plaintiff also filed a motion for reconsideration of this Court's order, which the Court denied. (ECF No. 123.) Plaintiff now moves for the Court to stay this case until the Ninth Circuit rules on her Rule 23(f) petition. ("Mot.," ECF No. 126.) Defendant opposes the Motion to Stay, ("Opp'n," ECF No. 130).

– 1 –

17cv0567

The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** the Motion.

I.   **LEGAL STANDARD**

Federal Rule of 23(f) provides a mechanism for interlocutory appeal of a court's order granting or denying class certification. Such appeals do "not stay proceedings in the district court unless the district court or the court of appeals so orders." Fed. R. Civ. P. 23(f). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The decision of whether to grant a stay is an "exercise of judicial discretion" and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* A court balances four factors in determining how to exercise its discretion: (1) whether the movant is likely to succeed on the merits; (2) whether the movant is likely to suffer irreparable harm in the absence of a stay; (3) whether the issuance of the stay would not substantially harm the non-moving party; and (4) whether a stay will serve the public interest. *Rainbow Bus. Sols. v. Merch. Servs., Inc.*, No. C 10-1993 CW, 2014 WL 1783945, at *1 (N.D. Cal. May 5, 2014). The first two factors of the standard "are the most critical." *Id.*

These four factors should be examined on a flexible "continuum," which is "essentially the same as the 'sliding scale' approach" applied to requests for preliminary injunctions. *Leiva–Perez v. Holder*, 640 F.3d 962, 964–66 (9th Cir. 2011). Under this approach, "the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 964.

II.  **ANALYSIS**

   A.   <u>**Likelihood of Success on the Merits / Serious Legal Questions**</u>

The first prong of the stay analysis requires the Court to determine whether Plaintiff has demonstrated a likelihood of success on the merits. *See id.* at 966. On a motion to stay pending the resolution of a Rule 23(f) petition, the movant need not

demonstrate that it is more likely than not that it will win on the merits. *Id.* Instead "serious legal questions" raised in the petition can satisfy this first prong. *Id.* at 967–68. When relying on "serious legal questions," the movant must not only show that a serious legal question exists, but also that the hardship balance tips sharply towards the movant. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011); *see Leiva–Perez,* 640 F.3d at 966 (applying the "serious questions" approach to a stay).

Here, Plaintiff argues that her Rule 23(f) Petition raises serious legal questions, such as:

> (1) whether it is manifest error for a district court to rule on the merits of a plaintiff's claims at the class certification stage; (2) whether it is manifest error for a district court to deny certification based on an incorrect interpretation of a plaintiff's damages model; and (3) whether a district court's denial of class certification is a death knell to litigation where defendants are likely to make an offer of judgment and subject plaintiff to payment of their attorneys' fees if she fails to recover more than what was offered and where denial of the Petition effectively requires a plaintiff's counsel to work for free.

(Mot. at 3.) The Court disagrees that these are debatable legal questions. However, the Court does find the present case to be a unique one—where neither party disputes the effectiveness of the nutrient (biotin) in the contested product, but the parties disagree as to the effectiveness of the contested product, and thus, the truth or falsity of the product's label. This is a question that has not been directly addressed by the Ninth Circuit; it appears to be undecided as to how such an issue would fit into the predominance analysis under Rule 23. Accordingly, this case raises at least one serious legal question.

**B.** **Irreparable Harm / Balance of Hardships**

The second and third prongs of the stay analysis require the Court to consider, respectively, the likelihood of irreparable harm to Plaintiff if the Court denies a stay, and injury to other parties should the Court grant a stay. In cases such as this where

the movant relies on a "serious legal question" to satisfy the first prong of the stay analysis, the movant must show that the balance of harm tips sharply in its favor. *Alliance for the Wild Rockies*, 632 F.3d at 1132 (9th Cir .2011). Therefore, the Court will consider the second and third prongs together.

Plaintiff argues she will be irreparably harmed if a stay is not granted because she will be forced to expend substantial time and resources preparing for an individual trial. (Mot. at 3.) She argues that if she prevails on her individual claim and the Rule 23 petition is granted, then the case will have to be tried again for the class claims. (*Id.* at 4.) She argues the parties should not have to prepare for an individual trial when an order on the Rule 23(f) petition will likely soon be issued. (*Id.*)

The costs of pretrial litigation may amount to an irreparable harm when granting the stay would avoid substantial, unrecoverable, and wasteful discovery costs; when the costs would impose serious burdens that an appeal would avoid; or when pretrial litigation would moot an appeal. *See Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282-KJM-AC, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015) (citing cases). But costs may not amount to an irreparable harm, particularly where the costs would be inevitable regardless of the appeal's outcome. *Id.*

Here, whether this case will proceed as an individual case or a class action will drastically affect the parties' pretrial preparation. Of course, the outcome of the Rule 23(f) petition will not provide guidance on the underlying issues in the case; if the Ninth Circuit grants the petition, it is merely agreeing to hear the appeal, not making any determination on the merits regarding class certification. Still, it seems unnecessary to try this case as an individual action now when the Ninth Circuit could later determine that the case should proceed as a class action. It is more efficient for both parties to know the Ninth Circuit's decision before proceeding. Further, the Court finds no harm to Defendant in temporarily staying the case. Thus, the balance of hardships tips toward a stay in this action.

### C. Public Interest

"A stay in this case will help to ensure the 'proper resolution of the important issues raised in this case' by preventing potentially wasteful work on the part of the court and the parties" while the Ninth Circuit considers Plaintiff's Rule 23(f) petition. *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-cv-3339-EJD, 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012). The Court therefore finds that the public interest weighs in favor of a stay.

### III. CONCLUSION

The Court finds that this case should be temporarily stayed in the interests of justice. Accordingly, the Court **GRANTS** Plaintiff's Motion and **STAYS** this case in its entirety pending resolution of Plaintiff's Rule 23(f) petition, and if the petition is granted, Plaintiff's Ninth Circuit appeal.

The pretrial deadlines and pretrial conference (March 9, 2020), motion in limine deadlines and hearing (April 27, 2020), and trial dates (May 5, 2020) are **VACATED** and may be re-set depending on the circuit court's future ruling(s).

The parties shall file a joint notice within one week of any disposition of the Rule 23(f) petition which informs the Court of the Ninth Circuit's decision and how they each wish to proceed.

**IT IS SO ORDERED.**

**DATED: February 18, 2020**

Hon. Cynthia Bashant
United States District Judge